UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GILBERTO RAMOS,                          :
        Petitioner               :
                                         :
        v.                       :        No. 5:15-cr-00272
                                         :
UNITED STATES OF AMERICA                 :

**O P I N I O N**
**Motion for Sentence Reduction, ECF No. 96 - Denied**

**Joseph F. Leeson, Jr.**                          **October 18, 2022**
**United States District Judge**

## I.  INTRODUCTION

Petitioner Gilberto Ramos, who was convicted of selling methamphetamine on multiple occasions and of possession with intent to distribute methamphetamine within 1,000 feet of a school, is serving a sentence of 151-months imprisonment. Ramos has filed a motion to reduce this sentence pursuant to 18 U.S.C. § 3582(c)(1)(B), arguing that the statute permitting a reduction is 18 U.S.C. § 3553. Because § 3553 does not provide this Court with the authority to modify a sentence, the motion is denied.

## II.  BACKGROUND

This is the fourth post-conviction opinion this Court has issued; therefore, it will not repeat the case background here. Rather, it incorporates its prior Opinions dated February 22, 2016, April 30, 2019, and October 20, 2020, in their entirety. *See* ECF Nos. 47-48, 83, 91.[1]

---

[1]     The first Opinion, issued after Ramos filed a direct appeal, was written pursuant to Local Appellate Rule 3.1 in support of the judgment. The Third Circuit Court of Appeals subsequently dismissed the appeal. *See* ECF No. 53. In the second Opinion, this Court denied Ramos's § 2255 Motion to Vacate. This Court, in the third Opinion, denied Ramos's motion for compassionate release, which was summarily affirmed on appeal. *See* ECF No. 95.

Currently pending is Ramos's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B).  *See* Mot., ECF No. 96.  Ramos contends that a motion under this section is permitted when there is no reason to support compassionate release under § 3582(c)(1)(A).  Recognizing § 3582(c)(1)(B) only permits modification "to the extent otherwise expressly permitted by statute," Ramos asserts that 18 U.S.C. § 3553 is the "statute" being referred to and that the § 3553 factors do not support his sentence.[2]

## III.  DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(1)(B), "[t]he court may not modify a term of imprisonment once it has been imposed except . . . to the extent otherwise expressly permitted by statute."[3]  Accordingly, "[b]efore engaging in any modification pursuant to 18 U.S.C. § 3582(c)(1)(B), the court must first find [] statutory authority to modify . . . ."  *United States v. Hill*, No. 95-412-1, 1996 U.S. Dist. LEXIS 14213, at *2 (E.D. Pa. Sep. 26, 1996).

Ramos contends that 18 U.S.C. § 3553 is the statute authorizing modification.  He is incorrect.  Section "3353(a) does not itself authorize sentence modifications. Rather, it lays out factors that must be considered as part of a modification that otherwise complies with § 3582(c)(1)(A) or (c)(2)."  *United States v. Jones*, No. 02-778, 2021 U.S. Dist. LEXIS 201907, at *4-5 (E.D. Pa. Oct. 20, 2021) (holding that even if the § 3353(a) sentencing factors supported the defendant's release, it could not grant him relief under § 3582(c)(1)(B)).  *See also United States v. Spencer*, 334 F. App'x 705 (5th Cir. 2009) (holding that "§ 3553(b)(1) does not expressly

---

[2]    Ramos also suggests that suppression should have been granted, the facts do not support his conviction, his plea was not knowing and voluntary, and trial counsel was ineffective.  *See* Mot. 4-6.  He does not, however, allege that his sentencing range has been lowered by statute or by the Sentencing Commission, nor does he cite to any intervening changes in the law.

[3]    Section 3582(c)(1)(B) also permits modification if permitted "by Rule 35 of the Federal Rules of Criminal Procedure," but there is no suggestion that Rule 35 applies here.

permit the modification of a sentence that has already been imposed" pursuant to §

3582(c)(1)(B)); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997) (holding that §

3553(b) does not provide for modification of an imposed sentence within the meaning of 18

U.S.C. § 3582(c)(1)(B)).

In the absence of authority to grant a reduction, the motion must be denied.[4]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4]     Ramos's arguments regarding suppression, the sufficiency of the facts to support his conviction, the knowing and voluntary nature of his guilty plea, and trial counsel ineffectiveness, *see* Mot. 4-6, are not properly the subject of a motion to reduce sentence pursuant to 18 U.S.C. § 3582.  Rather, such claims, to the extent they were not waived by the plea agreement, were cognizable in a motion to vacate pursuant to 28 U.S.C. § 2255 filed within one year of the date judgment became final.  Ramos filed such a motion and on April 30, 2019, it was denied.  *See* ECF No. 83 (concluding that Ramos entered a knowing and voluntary guilty plea supported by a factual basis, pursuant to which he agreed not to pursue a suppression motion and to waive any collateral attack to the same, and that defense counsel was not ineffective).  The motion on these grounds is therefore dismissed and denied.
        The motion is also denied to the extent it could be construed as challenging this Court's application of the § 3553 factors to Ramos's motion for compassionate release in 2020.  Not only would reconsideration be untimely and unsupported, the Third Circuit Court of Appeals summarily affirmed this Court's decision denying compassionate release.  *See* App. No. 20-3272 at ECF No. 12, Opinion filed March 24, 2021 ("We discern no abuse of discretion in the District Court's conclusion that a number of the § 3553(a) factors weighed against granting compassionate release here.").
        Finally, there is no basis to deem the current motion as a renewed request for compassionate release under § 3582(c)(1)(A) because Ramos states his motion is "not [] based on those medical issue(s)," *see* Mot. 2, and offers no "extraordinary and compelling reasons" to warrant a reduction, *see* Mot. 13 ("And due to the covid pandemic, which no court can overlook, here's where the extraordinary and compelling portion comes in at.").  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release. . . .").