UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :   No.   5:15-cr-00272 |
| | : |
| GILBERTO RAMOS, | : |
| Defendant. | : |

_____

**O P I N I O N**
Motion for criminal history amendment, ECF No. 100 - Denied

**Joseph F. Leeson, Jr.**                                                                                            July 23, 2024
**United States District Judge**

I.   **INTRODUCTION**

Gilberto Ramos, who was convicted of multiple drug offenses in 2015, is serving a sentence of 151-months imprisonment. Ramos has filed a motion for criminal history amendment pursuant to Amendment 821 to the Sentencing Guidelines. For the reasons set forth below, because Amendment 821 does not lower Ramos's Sentencing Guidelines range, the motion is denied.

II.   **BACKGROUND**

In October 2015, Ramos pled guilty to four felony drug counts including possession with intent to distribute 50 grams or more of methamphetamine within 1,000 feet of a school. Ramos's Presentence Report, which was adopted by the Court at the sentencing hearing in January 2016, calculated his Guidelines based on a total offense level of 31 and a criminal history category of V. The criminal history category resulted from a subtotal criminal history score of 10, plus 2 status points added pursuant to 18 U.S.C. § 4A1.1(d) (2015) because Ramos committed the instant offenses while under a criminal justice sentence for disorderly conduct,

resulting in a criminal history score of 12. The advisory Guidelines range was 168-210 months imprisonment but consistent with the plea agreement made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Ramos was sentenced to 151-months imprisonment followed by ten years supervised release.

Currently pending is Ramos's *pro se* motion for criminal history amendment pursuant to Amendment 821 to the Sentencing Guidelines. *See* Mot., ECF No. 100.[1] Ramos suggests that he is entitled to a sentence reduction based on the "status points" provision of Amendment 821 to the Sentencing Guidelines. *See id.*[2] The Government, arguing that Ramos is not entitled to a reduction because Amendment 821 does not lower his Sentencing Guidelines range, opposes the motion. *See* Resp., ECF No. 102.

### III.  STANDARD OF REVIEW

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the

---

[1]  This is the fifth post-conviction opinion this Court has issued. *See* ECF Nos. 47-48, 83, 91, 98. The first Opinion, issued after Ramos filed a direct appeal, was written pursuant to Local Appellate Rule 3.1 in support of the judgment. *See* ECF Nos. 47-48. The Third Circuit Court of Appeals subsequently dismissed the appeal. *See* ECF No. 53. In the second Opinion, this Court denied Ramos's § 2255 Motion to Vacate because Ramos had waived his right to collaterally attack his conviction and counsel was not ineffective surrounding the guilty plea. *See* ECF No. 83. This Court, in the third Opinion, denied Ramos's motion for compassionate release as lacking merit, which was summarily affirmed on appeal. *See* ECF Nos. 91, 95. In the fourth Opinion, this Court denied Ramos's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) because the statute Ramos relied upon, 18 U.S.C. § 3553, does not authorize sentence modifications. *See* ECF No. 98.

[2]  On February 21, 2024, this Court referred the motion to the Federal Community Defender's Office for the Eastern District of Pennsylvania to screen and determine whether it would seek appointment to represent Ramos for the purpose of pursuing a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). *See* ECF No. 101. On May 23, 2024, the Federal Defender's Office informed Ramos, with copy to this Court, that it would not be seeking appointment because even if the status points were removed pursuant to Amendment 821, there is no change in Ramos's criminal history category or the guidelines range and as such he does not benefit from Amendment 821.

amended provision." *Dillon v. United States*, 560 U.S. 817, 821-22 (2010). Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). The Policy Statement in 18 U.S.C. § 1B1.10(a)(2)(B) explains that a "reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."

Application note 7 states that subsection (d) covers Parts A and B, Subpart 1 only, of Amendment 821. *See also United States v. Banks*, No. 19-431-3, 2024 U.S. Dist. LEXIS 36894, at *2 (E.D. Pa. Mar. 4, 2024) ("Amendment 821 applies retroactively."). Part A to Amendment 821, which now appears in Section 4A1.1(e), altered the "status points" provision. *See* 18 U.S.C. § 4A1.1(e). The amended provision states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*

IV.   **DISCUSSION**

Applying the amended status points provision, Ramos would receive 1 point because he committed the instant offenses while under a criminal justice sentence for disorderly conduct, as opposed to the 2 points he did receive. His criminal history score would therefore be reduced to

11. A criminal history score of 10, 11, or 12 results in a criminal history category of V. *See* Sentencing Table, Chapter 5, Part A. Accordingly, Ramos's criminal history category remains V and his Sentencing Guidelines range is unchanged. Because the range is not lowered by Amendment 821, a reduction is not authorized by 18 U.S.C. § 3582(c)(2). *See United States v. Tate*, No. 24-1397, 2024 U.S. App. LEXIS 10949, at *3 n.4 (3d Cir. May 6, 2024) (determining that the defendant was not eligible for relief under § 3582(c)(2) because Amendment 821 to the Sentencing Guidelines, which reduced the number of criminal history status points one receives for committing an offense while on parole, did not change the defendant's criminal history category and sentencing range, which were set by his designation as a career offender); *United States v. White*, No. 21-460, 2024 U.S. Dist. LEXIS 65208, at *7-8 (E.D. Pa. Apr. 10, 2024) (concluding that the defendant was ineligible for a sentence reduction under § 3582(c)(2) because the status points provision of Amendment 821, although reducing his criminal history points, did not reduce his criminal history category or Guideline range).

V.   **CONCLUSION**

Ramos is not eligible for a sentence reduction because Amendment 821 does not lower his Sentencing Guidelines range. The motion for amendment is therefore denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge